**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ANNISA M. OWENS,<br><br>            Plaintiff,<br><br>v.<br><br>LUNA ROSSA RISTORANTE,<br><br>           Defendant. | 2:13-cv-01065-GMN-VCF<br><br>**O R D E R AND<br>REPORT & RECOMMENDATION**<br><br>(Motion/Application to Proceed *In Forma Pauperis* #1 and Screen Complaint #1-1) |

Before the court is plaintiff Annisa M. Owens' Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1). The court held a hearing on August 2, 2013, at 10:00 a.m. (#2).

**I.    *In Forma Pauperis* Application**

Plaintiff Annisa Owens asserts in her motion/application that she is unemployed and has zero take home wages. (#1). Plaintiff states that she has $6.00 in her checking account, and that she has a 95' Dodge Caravan with a value of $1,300. *Id.* Plaintiff's monthly expenses include $800 in rent, $200 in gas, $150 in utilities, and $80 in car insurance. *Id.* Plaintiff asserts that her father "will be paid back $100/mo for the foreseeable future" if she becomes employed or obtains a settlement. *Id.* Accordingly, plaintiffs' request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.    Plaintiff's Complaint**

Plaintiff's complaint names Luna Rossa Ristorante, Valentina Molli, and Angelo Molli as defendants. (#1-1). The complaint alleges that plaintiff's civil rights were violated by the actions of her employer Luna Rossa Ristorante. *Id.* Plaintiff alleges the following "Procedural Requirements" are met: (1) on May 31, 2012, she complained to the defendants regarding threats of violence received

from another employee at the restaurant, (2) on June 27, 2012, she discussed "her dwindling schedule with the manager" following her complaints relating to the threats, (3) the threatening employee remained employed at the restaurant, but plaintiff was not forced to work with her, (4) she was unlawfully terminated on July 1, 2012, (5) on July 14, 2012, plaintiff contacted the owner of the restaurant and his daughter, the two individually named defendants, regarding the "wrongful actions of [the] manager," (5) on July 26, 2012, plaintiff attempted to contact defendants "demanding resolve of matter prior to filing lawsuit," and (6) the plaintiff commenced the lawsuit "within 365 days of illegal action taken by [d]efendant." *Id.*

Plaintiff alleges that the defendant was the "employer of [p]laintiff as defined in the Age Discrimination Employment Act, 29 USC §621, et seq," and that she was "an employee of [d]efendant Sugar Factory as that term is defined in the Age Discrimination Employment Act, 29 USC §621, et seq." *Id.* The court notes that plaintiff has **not** named the "Sugar Factory" as a defendant in this action and that the complaint does **not** contain allegations referring to the "Sugar Factory." *Id.* As plaintiff is proceeding *pro se*, the court will construe plaintiff's statement as pertaining to the named defendant in this action: Luna Rossa Ristorante. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.).

Plaintiff asserts claims for relief for (1) hostile work environment and (2) retaliation, and seeks an order (a) directing defendants to pay loss of income, (b) directing defendants to pay compensatory damages and damages for mental anguish and humiliation in the sum exceeding $10,000.00, (c) awarding plaintiff costs of reasonable attorneys fees (if an attorney is eventually hired), and (d) granting such other and further relief as this court deems necessary and proper. *Id.* Plaintiff attaches several documents to her complaint, including a letter from her grandmother, two waiver of service of summons, letters to her ex-employer, emails to her manager and employer, business information for the restaurant of Luna Rossa Ristorante Italiano, and a civil cover sheet. *Id.*

### A.     Screening The Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### 1.     Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff alleges that she was an employee and that defendants were employees as defined in the Age Discrimination Employment Act, 29 USC §621, et seq (hereinafter "ADEA"). (#1-1). She does not, however, directly state that the hostile work environment and wrongful termination were due to age discrimination. *Id.* As plaintiff is proceeding *pro se,* the court will construe her claims as one under ADEA. *See Haines,* 404 U.S. at 520. The court has jurisdiction over plaintiff's action, as it arises under the ADEA, a federal law. 28 U.S.C. § 1331; 29 U.S.C §623.

29 U.S.C.A. §626(c)(1) provides that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: Provided, That the right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter." Section (d)(1) states that "[n]o civil action may be commenced by an individual under this section *until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission*. Such a charge shall be filed– (A) within 180 days after the alleged unlawful practice occurred; or (B) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." 29 U.S.C.A §626(d)(1) (emphasis added).

Plaintiff attached several documents to her complaint, none of which demonstrate that she either filed a charge of unlawful discrimination with the EEOC in accordance with 29 U.S.C.A. §626(d)(1) or received a right to sue letter. (#1-1). During the hearing, the court asked plaintiff if she had filed the appropriate charge with the EEOC or the Nevada Equal Rights Commission. (#2). Plaintiff represented that she had not filed any charges, and only wrote letters to her employer. *Id.* Plaintiff's

complaint alleges that the unlawful practice occurred between May 2012, and July 2012. (#1-1). The time-period in which to file a charge of discrimination, as specified in 29 U.S.C. § 626(d)(1), has expired. Plaintiff failed to take the appropriate steps in the required time frame, and the action is not properly before this court. *See* 29 U.S.C.A. §626(c)(1) and (d)(1). This deficiency cannot be cured through amendment.[1] As such, plaintiff's complaint (#1-1) should be dismissed *with prejudice*. See *Cato*, 70 F.3d at 1106.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Annisa M. Owens' Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

## **RECOMMENDATION**

IT IS RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *with prejudice.*

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

---

[1] As stated during the hearing, the plaintiff is encouraged to consult with an attorney regarding her allegations. For assistance, the plaintiff can contact The Lawyer Referral and Information Service by visiting http://www.nvbar.org/content/lris-online-referral-request or http://www.nvbar.org/content/lawyer-referral-information-service, or calling 702-382-0504 or toll free 800-789-LRIS (5747).

issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of August, 2013.

                                          **CAM FERENBACH**
                                          **UNITED STATES MAGISTRATE JUDGE**